1 | MCDERMOTT WILL & EMERY LLP
WILLIAM G. GAEDE, III (136184)
2 | wgaede@mwe.com
JUDITH S.H. HOM (203482)
3 | jhom@mwe.com
275 Middlefield Road, Suite 100
4 | Menlo Park, CA 94025
Telephone:    (650) 815-7400
5 | Facsimile:    (650) 815-7401

6 | Attorneys for *Geron Corporation*

E-filing

ORIGINAL
FILED
SEP 13 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8 | IN THE UNITED STATES DISTRICT COURT

9 | IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

LB

10 | SAN FRANCISCO DIVISION

| | |
|---|---|
| GERON CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIACYTE, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 12 4813<br><br>**COMPLAINT UNDER 35 U.S.C. § 146 TO APPEAL JUDGMENTS IN INTERFERENCE 105,734 AND 105,827** |

Plaintiff Geron Corporation complains against defendant ViaCyte, Inc. as follows:

## THE PARTIES

1.    Plaintiff Geron Corporation ("Geron") is a corporation organized under the laws of Delaware, having its principal place of business in Menlo Park, California.

2.    Upon information and belief, Defendant ViaCyte, Inc. ("ViaCyte") is a corporation organized under the laws of Delaware, having a principal place of business at 3550 General Atomics Court, San Diego, California. On information and belief, ViaCyte is registered to do business in the State of California.

## JURISDICTION AND VENUE

3.    This is an action to review and remedy the Decisions and Final Judgment of the Board of Patent Appeals and Interferences (hereinafter "Board") of the United States Patent and Trademark Office in Interference 105,734, declared on December 10, 2009, entitled "Kevin Allen

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

D'Amour *et al*, Junior Party v. Gregory J. Fisk *et al*, Senior Party" (hereinafter the "'734 Interference") and Interference 105,827, declared on August 15, 2012, entitled "Geron Corporation, Junior Party v. ViaCyte, Inc., Senior Party" (hereinafter "'827 Interference"). This Court has subject matter jurisdiction of this action pursuant to 35 U.S.C. § 146, as well as 28 U.S.C. § 1338(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### INTRADISTRICT ASSIGNMENT

5.      This patent action is in an excepted category for Local Rule 3-2(c), Assignment of a Division, and will be assigned on a district wide basis.

### FACTS GIVING RISE TO THE COMPLAINT

#### The '734 Interference

6.      Geron is the assignee of U.S. Patent Application Serial No. 11/960,477 (the "'477 Application") listing Gregory J. Fisk and Margaret S. Inokuma as inventors. Geron enjoys the power and the right to prosecute the '477 Application, including contesting interferences.

7.      ViaCyte is the assignee of U.S. Patent No. 7,510,876, granted March 31, 2009, based on application 11/021,618 (the "'876 Patent"), listing Kevin Allen D'Amour, Alan D. Aguilnick and Emmanuel E. Baetge as inventors.

8.      The Board declared Interference 105,734 on December 10, 2009. Fisk *et al* were designated as the senior party and D'Amour *et al* were designated as the junior party. Claims 10-36 of the '477 Application were designated as corresponding to the single Count of the Interference. Claims 1-58 of the '876 Patent were designated as corresponding to the Count.

9.      As part of the Interference process, parties are to file motions that do not specifically address priority. Specifically, D'Amour filed Motion 2 seeking judgment against Fisk on the ground that Fisk's '477 Patent Application does not comply with the enablement requirement of 35 U.S.C. § 112. D'Amour had previously sought to have entry of judgment (Motion 1) against Fisk based on an alleged failure of the Fisk '477 Patent Application to comply with the written description requirement of Section 112. A motions panel of the Board denied D'Amour's Motion 1.

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

10.     Fisk filed several motions in the Interference.  These include:  (1) Fisk Motion 5 seeking additional discovery to establish that D'Amour violated 37 C.F.R. §1.56 and committed inequitable conduct during prosecution of the '876 Patent; (2) Fisk Motion 6 seeking entry of judgment against D'Amour based on unpatentability under 35 U.S.C. §102(e); (3) Fisk Motion 7 seeking entry of judgment against D'Amour based on unpatentability under 35 U.S.C. ¶103(a); (4) Fisk Motion 8 seeking entry of judgment against D'Amour based on unpatentability under 35 U.S.C. §112, second paragraph; and (5) Fisk Motion 9 to exclude evidence offered by D'Amour.

11.     On July 16, 2012, the Board entered its Decisions on Non-Priority Motions (Paper 450), its Decision on Fisk Motion 5 (Paper 449), and its Decision on Fisk Motion 9 (Paper 448).[1] Specifically, the decisions were adverse to Fisk (Geron) and favorable to D'Amour (ViaCyte), wherein the Board erroneously ruled, contrary to fact and law:

a.     That the '477 Patent Application Specification failed to enable the skilled artisan under 35 U.S.C. § 112 to produce cell cultures as set forth in Fisk's claims;

b.     That the '477 Patent Application does not enable D'Amour's claimed subject matter in the '876 Patent, and thus it cannot serve as an anticipatory reference under 35 U.S.C. § 102(e);

c.     That the '477 Patent Application in view of the Keller, Lerner and/or Zwaka references cited in the Interference did not render each of the '876 Patent's claims obvious under 35 U.S.C. §103(a);

d.     That the '876 Patent claims did meet the requirements of 35 U.S.C. § 112, second paragraph;

e.     That while finding that the Board did have jurisdiction to consider inequitable conduct with respect to the '876 Patent, the Board declined to hear the issue, including a future motion for judgment based on inequitable conduct, and to grant the request for additional discovery; and

---

[1] The Board's Decisions are attached hereto as Exhibits 2-4.

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

1    f.  That admitted over Fisk's objection the expert evidence of Dr. James W.

2 Wells offered to support D'Amour Motion 2 and in opposition to Fisk Motion 8.

3    12.  Based thereon, the Board on July 16, 2012, determined that it was appropriate to

4 enter judgment (Paper 451) against Fisk (Geron) and that claims 10-36 of Geron's '477

5 Application were finally refused under 35 U.S.C. § 135(a).[2]

6           **The '827 Interference**

7    13.  Geron is the assignee of U.S. Patent Application Serial No. 12/543,875 (the "'875

8 Application") listing Gregory J. Fisk and Margaret S. Inokuma as inventors.  Geron enjoys the

9 power and the right to prosecute the '875 Application, including contesting interferences.

10    14.  ViaCyte is the assignee of the '876 Patent, listing Kevin Allen D'Amour, Alan D.

11 Aguilnick and Emmanuel E. Baetge as inventors.

12    15.  The Board declared Interference 105,827 on October 3, 2011.  Geron was

13 designated as the junior party and ViaCyte was designated as the senior party.  Claims 19-39 of

14 the '875 Application were designated as corresponding to the single Count of the Interference.

15 Claims 1-58 of the '876 Patent were designated as corresponding to the Count.

16    16.  As with the '734 Interference, the parties filed motions and/or had leave to file

17 motions in the '827 Interference, including: (1) a miscellaneous motion by ViaCyte requesting

18 that the parties be bound by the Board's Decision in the '734 Interference; (2) motions for benefit

19 of early application dates by both parties; (3) a motion asserting that all of ViaCyte's claims are

20 unpatentable under 35 U.S.C. § 102(e) or 103(a) over U.S. Patent Publication No. 2003/0138948

21 either alone or combined with U.S. Patent Publication No. 2006/0276420; (4) a motion to amend

22 Geron's claims 25, 28 and 29 of the '875 Application by deleting the reference to HNF4α; (5)

23 Geron's Responsive Motion 2 to substitute claim 42 for claim 19 should ViaCyte's Motion 2 be

24 granted; and (6) Geron's Responsive Motion 3 to substitute the existing Count for a new Count

25 should Geron's Responsive Motion 2 be granted.

26

27

28 [2] A copy of the Judgment is attached hereto as Exhibit 1.

17.     On August 15, 2012, the Board entered its "Decision – Interlocutory Motions – 37 CFR § 41.125(b)" in which the Board granted ViaCyte's Miscellaneous Motion 1 to have the parties bound by the Board's decision in Interference 105,734 (Paper 65).  Specifically, the decision and the judgment were adverse to Geron and favorable to ViaCyte, wherein the Board erroneously ruled, contrary to fact and law, that the miscellaneous motion should be granted and that ViaCyte had demonstrated that Geron's '875 Application claims 19-39 were not enabled for the reasons set forth in Interference No. 105,734 and for the reasons stated in said order.

18.     Based thereon, the Board determined on August 15, 2012, that it was appropriate to enter judgment (Paper 66) against Geron and that claims 19-39 of Geron's '875 Application were finally refused under 35 U.S.C. § 135(a).[3]

## COUNT 1

## DISSATISFACTION WITH INTERFERENCE NO. 105,734 UNDER 35 U.S.C. § 146

19.     Geron incorporates paragraphs 1-12 above as if set forth in full herein.

20.     Geron and Fisk *et al.* are dissatisfied with the Board's Decisions that resulted in the entry of '734 Interference Judgment.

21.     Pursuant to 35 U.S.C. § 146, Geron has elected to file suit in this Court for dissatisfaction with the Board's Decisions and Judgment.  Geron has not sought review by the United States Court of Appeals for the Federal Circuit of the Board's Decisions and Judgment.

22.     The Board's decisions in the '734 Interference were erroneous and, based on the record before the Board and any additional evidence that Geron may introduce in this action, Geron is entitled to judgment correcting the erroneous decisions and judgment of the Board.

## COUNT 2

## DISSATISFACTION WITH INTERFERENCE NO. 105,827 UNDER 35 U.S.C. § 146

23.     Geron incorporates paragraphs 1-18 above as if set forth in full herein.

24.     Geron and Fisk *et al.* are dissatisfied with the Board's Decisions that resulted in the entry of the '827 Interference Judgment.

---

[3] A copy of the Board's Judgment and Decision are attached hereto as Exhibits 5 and 6.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

25.     Pursuant to 35 U.S.C. § 146, Geron has elected to file suit in this Court for dissatisfaction with the Board's '827 Interference Decisions and Judgment. Geron has not sought review by the United States Court of Appeals for the Federal Circuit of the Board's Decisions and Judgment.

26.     The Board's decisions in the '827 Interference were erroneous and, based on the record before the Board and any additional evidence that Geron may introduce in this action, Geron is entitled to judgment correcting the erroneous decisions and judgment of the Board.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Geron Corporation prays for judgment against Defendant, ViaCyte, Inc., and respectfully requests the following relief:

1.     The Board's July 16, 2012, Judgment in the '734 Interference is reversed, or in the alternative, vacated and remanded;

2.     The Board's order in the '734 Interference finally refusing claims 10-36 of the Fisk (Geron) '477 Application is reversed;

3.     The Board's decision in the '734 Interference granting D'Amour's Motion 2 is reversed;

4.     The Board's decision in the '734 Interference denying Fisk Motion 5 is reversed;

5.     The Board's decision in the '734 Interference denying Fisk Motion 6 is reversed;

6.     The Board's decision in the '734 Interference denying Fisk Motion 7 is reversed;

7.     The Board's decision in the '734 Interference denying Fisk Motion 8 is reversed;

8.     The Board's decision in the '734 Interference denying Fisk Motion 9 is reversed;

9.     The '876 Patent is declared unenforceable for violating 37 C.F.R. § 1.56 during its prosecution;

10.    That priority is awarded to the Fisk (Geron) '477 Application over the D'Amour (ViaCyte) '876 Patent;

11.    Every decision in the '734 Interference in which the Board ruled against Fisk is reversed;

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

12. The Board's August 15, 2012 Judgment in the '827 Interference is reversed or, in the alternative, vacated and remanded;

13. The Board's decision in the '827 Interference finally refusing claims 19-39 of the Geron '875 Application is reversed;

14. The Board's decision in the '827 Interference granting ViaCyte's Miscellaneous Motion 1 is reversed;

15. The Geron '875 Application is accorded the benefit of the following applications:

    a)    12/262,536, filed October 30, 2008;

    b)    11/960,477, filed December 19, 2008;

    c)    11/262,633, filed October 31, 2005;

    d)    10/313,739, filed December 6, 2002; and

    e)    60/338,885, filed December 7, 2001;

16. Geron's claims 25, 28, and 29 of the '875 Application be amended by deleting the reference to HNF4α;

17. ViaCyte's '876 Patent is denied the benefit of the following applications:

    a)    60/586,566, filed July 9, 2004;

    b)    60/587,942, filed July 14, 2004;

    c)    60/532,004, filed December 23, 2003

18. That priority of the Geron '875 Application over the ViaCyte '876 Patent based on benefit be awarded to Geron;

19. Every decision in the '827 Interference in which the Board ruled against Geron is reversed;

20. A ruling in favor of Geron on the motions it filed and/or had leave to file in the '827 Interference;

21. An Order directing the United States Patent and Trademark Office to cancel claims 1-58 of the '876 patent as unpatentable and/or unenforceable to D'Amour (ViaCyte) and issue the '477 Application as a United States Patent;

22. An Order directing the United States Patent and Trademark Office to cancel claims 1-58 of the '876 Patent as unpatentable and/or unenforceable to D'Amour (ViaCyte) and issue the '875 Application as a United States Patent;

23. An award to Geron of its costs and fees incurred in this action; and

24. Such other and further relief as the Court deems just and appropriate.

Dated: _____ September 13, 2012 _____      Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

By: _____

William G. Gaede

*Attorneys for Geron Corporation*

DM_US 38829936-3 091700 0011

COMPLAINT UNDER 35 U.S.C. § 146