MCDERMOTT WILL & EMERY LLP
WILLIAM G. GAEDE, III (136184)
wgaede@mwe.com
JUDITH S.H. HOM (203482)
jhom@mwe.com
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone:    (650) 815-7400
Facsimile:     (650) 815-7401

Attorneys for *Geron Corporation*

BARTKO, ZANKEL, TARRANT & MILLER
Benjamin K. Riley (112007)
briley@bztm.com
Jayne Laiprasert (256930)
jlaiprasert@bztm.com
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
R. Danny Huntington (*pro hac vice*)
dhuntington@rfem.com
Sharon E. Crane (*pro hac vice*)
scrane@rfem.com
Seth E. Cockrum (*pro hac vice*)
scockrum@rfem.com
607 14th Street, N.W., Suite 800
Washington, D.C. 2005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

Attorneys for *ViaCyte, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GERON CORPORATION, a Delaware corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>VIACYTE, INC., a Delaware corporation,<br><br>   Defendant. | Case No.  C-12-4813 EMC<br><br>**STIPULATED REQUEST FOR ORDER ENLARGING TIME PURSUANT TO CIVIL L.R. 6-2 AND DECLARATION OF WILLIAM G. GAEDE, III, IN SUPPORT THEREOF; [PROPOSED] ORDER** |

DM_US 40657886-2.091700.0011

**STIPULATED REQUEST FOR ORDER ENLARGING TIME AND DECLARATION IN SUPPORT THEREOF**
**CASE NO. C-12-4813 EMC**

1  WHEREAS, on September 13, 2012, Plaintiff Geron Corporation ("Geron" or "Plaintiff") filed the complaint in this action against Defendant ViaCyte, Inc. ("ViaCyte" or "Defendant") pursuant to 35 U.S.C. § 146 (D.I. 1);

WHEREAS, on January 3, 2013, a Case Management Conference was held on this case and the Court ordered that mediation was to be completed by June 30, 2013, that Defendant was to file a motion to define the scope of the case and discovery by February 21, 2013, that Plaintiff was to file its opposition by March 7, 2013, that Defendant was to file its reply by March 14, 2013, that discovery is limited to written discovery focused on those issues which were decided by the Patent Appeals Board, and that hearing on the preceding motion and a further Case Management Conference was set for April 4, 2013 (D.I. 31);

WHEREAS, on January 7, 2013, Geron publicly announced that it had entered into an Asset Contribution Agreement, dated January 4, 2013, with BioTime, Inc. and BioTime Acquisition Corporation, providing for the divestiture of Geron's stem cell assets, including the intellectual property at issue in this 35 U.S.C. § 146 appeal, to BioTime Acquisition Corporation (the "Transaction") upon the closing of the Transaction;

WHEREAS, under the Asset Contribution Agreement, the closing of the Transaction is contemplated to occur no later than September 30, 2013;

WHEREAS, upon the closing of the Transaction, BioTime Acquisition Corporation will substitute in as plaintiff in this action as the owner of the Geron intellectual property at issue in this action. Further, under the Asset Contribution Agreement, Geron may not settle this action without BioTime, Inc.'s consent. Accordingly, the parties have conferred and are interested in conducting settlement discussions before a mediator through the Court's Alternative Dispute Resolution procedures between Defendant ViaCyte, Inc. and new owners BioTime, Inc. and BioTime Acquisition Corporation, upon the closing of the Transaction;

WHEREAS, the undersigned counsel have met, conferred and agreed that dates for mediation, Motion to Define the Scope of this Case and Discovery, Opposition to the Motion to Define the Scope, Reply to the Motion to Define the Scope, and the Case Management

DM_US 40657886-2.091700.0011 - 1 - **STIPULATED REQUEST FOR ORDER ENLARGING TIME AND DECLARATION IN SUPPORT THEREOF CASE NO. C-12-4813 EMC**

Conference be extended until the earlier of (a) 30 days after the close of the Transaction or (b) 31 days after September 30, 2013, as follows:

| Event | Old Dates | New Dates |
|---|---|---|
| Motion to Define Scope | February 21, 2013 | October 31, 2013 |
| Opposition to Motion to Define Scope | March 7, 2013 | November 14, 2013 |
| Reply to Motion to Define Scope | March 21, 2013 | November 21, 2013 |
| Case Management Conference | April 4, 2013 | December 5, 2013 |
| Mediation Completion (ADR L.R. 6-3) | June 30, 2013 | February 28, 2014 |

Counsel further agree that all discovery should be stayed until ordered by the Court after the next Case Management Conference.

WHEREAS, no other dates for this case have been set by the Court.

NOW THEREFORE, IT IS STIPULATED, AGREED AND ORDERED that the date for filing the Motion to Define Scope and Discovery shall be October 31, 2013; the date for filing the Opposition to the Motion to Define Scope and Discovery shall be November 14, 2013; that the date for filing the Reply to the Opposition to the Motion to Define Scope and Discovery shall be November 21, 2013; that the date for the hearing and Case Management Conference shall be December 5, 2013; and that the date for Mediation to be completed by be extended to no later than February 28, 2014. Discovery shall be stayed until further Court Order. Should the Transaction close prior to September 30, 2013, the parties shall so inform the Court and submit a revised Scheduling Order consistent with this Order that provides for a filing date of the contemplated Motion at 30 days following closure of the Transaction.

**SO STIPULATED** this 16th day of January 2013.

| MCDERMOTT WILL & EMERY LLP | BARTKO, ZANKEL, TARRANT & MILLER |
| | ROTHWELL, FIGG, ERNST & MANBECK PC |

By: _*/s/ William G. Gaede, III*_  
 William G. Gaede, III

By: _*/s/ Benjamin K. Riley*_  
 Benjamin K. Riley

*Attorneys for Geron Corporation*       *Attorneys for ViaCyte Inc.*

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

DM_US 40657886-2.091700.0011 - 2 -

STIPULATED REQUEST FOR ORDER ENLARGING TIME AND DECLARATION IN SUPPORT THEREOF
CASE NO. C-12-4813 EMC

-oOo-

**SIGNATURE ATTESTATION**

Pursuant to General Order 45.X(B), I hereby attest that concurrence has been obtained from Benjamin K. Riley indicated by a "conformed" signature (/s/) within this e-filed document.

*/s/ William G. Gaede, III*
William G. Gaede, III

-oOo-

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

DATED: 1/24/13



HON. EDWARD M. CHEN
Judge, United States District Court

-oOo-

**DECLARATION OF WILLIAM G. GAEDE, III**

I, William G. Gaede, III, state and declare as follows:

1. I am a partner with McDermott Will & Emery LLP and counsel of record for Geron Corporation ("Geron"), in the above-captioned matter. I have knowledge of the following, and if called as a witness, could and would testify competently to the contents herein. Pursuant to Civil L.R. 6-2(a) I hereby submit this declaration in support of enlarging time.

2. This is an action arising out of an appeal from two Interferences. Geron is the assignee of U.S. Patent Application Serial No. 11/960,477 (the "'477 Application") listing Gregory J. Fisk and Margaret S. Inokuma as inventors. ViaCyte, Inc. ("ViaCyte") is the assignee of U.S. Patent No. 7,510,876, granted March 31, 2009, based on application 11/021,618 (the

1  "'876 Patent"), listing Kevin Allen D'Amour, Alan D. Aguilnick and Emmanuel E. Baetge as inventors.

3. The Board of Patent Appeals and Interferences declared Interference 105,734 on December 10, 2009. Fisk *et al.* (Geron) were designated as the senior party and D'Amour *et al.* (ViaCyte) were designated as the junior party. Claims 10-36 of the '477 Application were designated as corresponding to the single Count of the Interference. Claims 1-58 of the '876 Patent were designated as corresponding to the Count.

4. As part of the Interference process, the parties filed motions that do not specifically address priority. On July 16, 2012, the Board entered its Decisions on Non-Priority Motions, its Decision on Fisk Motion 5, and its Decision on Fisk Motion 9, that were adverse to Fisk (Geron). Based thereon, the Board on July 16, 2012, determined that it was appropriate to enter judgment against Fisk (Geron) and that claims 10-36 of Geron's '477 Application were finally refused under 35 U.S.C. § 135(a).

5. Geron is also the assignee of U.S. Patent Application Serial No. 12/543,875 (the "'875 Application") listing Gregory J. Fisk and Margaret S. Inokuma as inventors. ViaCyte is the assignee of the '876 Patent, listing Kevin Allen D'Amour, Alan D. Aguilnick and Emmanuel E. Baetge as inventors. The Board declared Interference 105,827 on October 3, 2011. Geron was designated as the junior party and ViaCyte was designated as the senior party. Claims 19-39 of the '875 Application were designated as corresponding to the single Count of the Interference. Claims 1-58 of the '876 Patent were designated as corresponding to the Count. As with the '734 Interference, the parties filed motions and/or had leave to file motions in the '827 Interference.

6. On August 15, 2012, the Board entered its "Decision – Interlocutory Motions – 37 CFR § 41.125(b)" in which the Board granted ViaCyte's Miscellaneous Motion 1 to have the parties bound by the Board's decision in Interference 105,734.

7. Geron timely filed this action under 35 U.S.C. § 146 for this Court to review and address all issues raised in the foregoing Interferences.

8. Geron is a pioneer in stem cells technology, and amassed considerable assets over the years in this area, including intellectual property, among which are the foregoing patent

DM_US 40657886-2.091700.0011  - 4 -  **STIPULATED REQUEST FOR ORDER ENLARGING TIME AND DECLARATION IN SUPPORT THEREOF CASE NO. C-12-4813 EMC**

1  applications at issue in the interferences and this action. Geron entered into an agreement with
2  BioTime, Inc. to divest all of Geron's stem cell assets, including the intellectual property at issue
3  in this action and the rights to prosecute this action, to BioTime Acquisition Corporation, a
4  wholly-owned subsidiary of BioTime, Inc. This Agreement was executed on January 4, 2013,
5  and publicly announced on January 7, 2013 (the "Transaction"). A true copy of the Geron press
6  release entitled "Geron to Divest Stem Cell Assets" is attached hereto as Exhibit 1.

7  9. Following this public announcement, I am informed that the Chief Executive
8  Officer of Geron and the Chief Executive Officer of ViaCyte spoke to each other, and they agreed
9  that it would be in the business interests of both companies to defer prosecution of the matter until
10 BioTime Acquisition Corporation had acquired the assets. This would also allow for potentially
11 productive settlement discussions with the BioTime Acquisition Corporation, which will become
12 the owner of the Geron assets at issue in this action. Indeed, Geron may not settle this action
13 without BioTime's consent while the asset purchase is pending.

14 10. There have been no time modifications in the case, whether by stipulation or by
15 Court Order. *See* Civil L.R. 6-2(1)(a)(2).

16 11. The effect of this enlargement will be to defer resolution on the scope of this
17 action by moving the filing date of the motion on this issue until 30 days after close of the
18 Transaction, which is contemplated to occur no later than by September 30, 2013 and no later
19 than 31 days after September 30, 2013. The opening of discovery will also be deferred until the
20 scope of the action is resolved by way of the contemplated motion. Nonetheless, no trial date has
21 been set in this matter, and the parties estimate that only five days will be necessary for this bench
22 trial. Moreover, the record from the Interference will form part of the record in this action, and
23 neither party contemplates the need for additional discovery beyond that presumptively provided
24 for in the Federal Rules. Further, as a 35 U.S.C. § 146 appeal, the case is not subject to the
25 contention and disclosure requirements under the Patent Local Rules. Therefore, deferring
26 opening this matter until the Transaction is complete will not unduly delay resolution of this
27 patent matter, and still provides more than sufficient time for this matter to be resolved within the
28

DM_US 40657886-2.091700.0011 - 5 - **STIPULATED REQUEST FOR ORDER ENLARGING TIME AND DECLARATION IN SUPPORT THEREOF CASE NO. C-12-4813 EMC**

1  typical times in this District on patent cases. In fact, granting this enlargement may expedite
2  resolution by way of settlement once BioTime Acquisition Corporation has acquired the assets.
3      I declare under penalty of perjury under the laws of the United States that the foregoing is
4  true and correct and that this declaration was executed in Menlo Park, California, on January 16,
5  2013.

                                                    /s/ William G. Gaede III
                                                   William G. Gaede III

# EXHIBIT 1



Print Page  Close Window

# Press Release

<< Back

## Geron to Divest Stem Cell Assets

**MENLO PARK, Calif., January 7, 2013** -- Geron Corporation (Nasdaq: GERN) today announced that on January 4, 2013, it entered into an Asset Contribution Agreement (the "Agreement") with BioTime, Inc. (NYSE: BTX) and BioTime's recently formed subsidiary, BioTime Acquisition Corporation ("BAC"). The Agreement provides for the divestiture of Geron's stem cell assets to BAC upon the closing of the transaction, which is expected to occur no later than September 30, 2013.

Under the terms of the Agreement, upon closing of the transaction, Geron will contribute to BAC its intellectual property, cell lines and other assets related to Geron's discontinued human embryonic stem cell programs, including the Phase 1 clinical trial in patients with acute spinal cord injury, as well as its autologous cellular immunotherapy program. Geron will receive approximately 6.5 million shares of Series A Common Stock of BAC. BioTime will contribute to BAC $5 million in cash, approximately 8.9 million shares of BioTime common stock to be held by BAC, five-year warrants to purchase eight million shares of BioTime common stock at an exercise price of $5.00 per share (the "BioTime Warrants"), rights to use certain human embryonic stem cell lines, and minority stakes in two of BioTime's subsidiaries. BioTime will receive approximately 21.8 million shares of Series B Common Stock of BAC and three-year warrants to purchase 3.15 million shares of Series B Common Stock of BAC at an exercise price of $5.00 per share (the "BAC Warrants"). BAC will also pay royalties to Geron on the sale of products that are commercialized, if any, in reliance upon Geron patents acquired by BAC.

Following the closing of the transaction, Geron will distribute the Series A BAC Common Stock received from BAC to Geron's stockholders on a pro rata basis (other than with respect to fractional shares and stockholders in certain to-be-determined excluded jurisdictions, which will instead receive cash on a pro rata basis). Following the distribution by Geron to its stockholders of the Series A BAC Common Stock, BAC will then distribute the BioTime

Warrants on a pro rata basis to the holders of Series A BAC Common Stock. Following these distributions, it is anticipated that Geron stockholders would own approximately 21% of BAC, BioTime would own approximately 72%, and a private investor would own approximately 7% after an additional $5 million investment in BAC. The BAC Warrants will enable BioTime to increase its ownership in BAC by approximately 2%, which would dilute the Geron stockholders' ownership in BAC to approximately 19%.

The closing of the transaction is subject to certain approvals by BioTime's shareholders, the effectiveness of certain registration statements to be filed by BioTime and BAC with the Securities and Exchange Commission (the "SEC") with respect to the securities to be distributed as contemplated by the Agreement, and other negotiated closing conditions. The transaction is expected to close no later than September 30, 2013.

Stifel Nicolaus Weisel acted as financial advisor and provided Geron's Board of Directors with a fairness opinion regarding the transaction. Weil, Gotshal & Manges LLP has been acting as legal counsel to Geron in connection with the divestiture of Geron's stem cell assets.

**About Geron**

Geron is a biopharmaceutical company developing first-in-class therapies for cancer, including its telomerase inhibitor, imetelstat. For more information about Geron, visit www.geron.com.

**Use of Forward-Looking Statements**

Except for the historical information contained herein, this press release contains forward-looking statements made pursuant to the "safe harbor" provisions of the Private Securities Litigation Reform Act of 1995. Investors are cautioned that statements in this press release regarding Geron's plans or expectations for or of:  closing of a transaction entered into under the Asset Contribution Agreement regarding a divestiture of the Company's stem cell assets, including without limitation:  certain approvals by BioTime's shareholders, the effectiveness of certain registration statements to be filed by BioTime and BAC with the SEC with respect to the securities to be distributed as contemplated by the Agreement, other negotiated closing conditions and closing no later than September 30, 2013, and statements related thereto, constitute forward-looking statements. These statements involve risks and uncertainties that can cause actual results to differ materially from those in such forward-looking statements. These risks and uncertainties, include, without limitation:  (i) the ability of the parties to close the proposed transaction by September 30, 2013, or at all; (ii) satisfaction of all the conditions precedent to closing the proposed transaction, including without limitation the ability of

BioTime to secure approval of BioTime's shareholders, the effectiveness of registration statements to be filed by BioTime and BAC with the SEC, and the other negotiated closing conditions; (iii) the possibility of litigation (including related to the transaction itself); (iv) the ability of Geron to protect and maintain the assets to be contributed to BAC, including Geron's intellectual property rights and the continuation of in-licenses; (v) Geron's intellectual property licensors' refusal to transfer intellectual property rights from Geron to any third party; and (vi) other risks described in Geron's and BioTime's SEC filings. Additional information and factors that could cause actual results to differ materially from those in the forward-looking statements are contained in Geron's periodic reports filed with the SEC under the heading "Risk Factors," including Geron's quarterly report on Form 10-Q for the quarter ended September 30, 2012. Undue reliance should not be placed on forward-looking statements, which speak only as of the date they are made, and the facts and assumptions underlying the forward-looking statements may change. Except as required by law, Geron disclaims any obligation to update these forward-looking statements to reflect future information, events or circumstances.

**Additional Information and Where to Find It**

BioTime intends to file with the SEC a proxy statement in connection with the proposed transaction. The definitive proxy statement will be sent or given to the stockholders of BioTime and will contain important information about the proposed transaction and related matters. **SECURITY HOLDERS ARE URGED TO READ THE PROXY STATEMENT CAREFULLY WHEN IT BECOMES AVAILABLE.** The proxy statement and other relevant materials (when they become available), and any other documents filed by BioTime with the SEC, may be obtained free of charge at the SEC's web site, at www.sec.gov. In addition, security holders will be able to obtain free copies of the proxy statement and other relevant documents (when available) from BioTime by directing a request by mail or email to BioTime's Chief Financial Officer at 1301 Harbor Bay Parkway, Alameda, California 94502 or pgarcia@biotimemail.com.

**Participants in the Solicitation**

Geron and BioTime, and their respective directors and executive officers, may be deemed to be participants in the solicitation of proxies from BioTime's stockholders in connection with the proposed transaction. Information about BioTime's directors and executive officers is set forth in BioTime's proxy statement for its 2012 Annual Meeting of Stockholders, which was filed with the SEC on April 30, 2012. The proxy statement and other relevant documents (when available) filed with the SEC are available free of charge at the SEC's web site at www.sec.gov, and from BioTime by directing a request by mail or email to BioTime's Chief

Financial Officer at 1301 Harbor Bay Parkway, Alameda, California 94502 or pgarcia@biotimemail.com, or by going to BioTime's Investor Relations page on its corporate web site at www.biotimeinc.com. Information about Geron's directors and executive officers is set forth in Geron's proxy statement for its 2012 Annual Meeting of Stockholders, which was filed with the SEC on April 24, 2012. The proxy statement and other relevant documents (when available) filed with the SEC are available free of charge at the SEC's web site at www.sec.gov, and from Geron by contacting Investor Relations by mail at Geron Corporation, 149 Commonwealth Drive, Suite 2070, Menlo Park, California 94025, Attn: Investor Relations Department, or by going to Geron's Investor Relations page on its corporate web site at www.geron.com. Additional information regarding the interests of participants in the solicitation of proxies in connection with the transaction will be included in the proxy statement that BioTime intends to file with the SEC.

**CONTACT:**

Anna Krassowska, Ph.D.
Investor and Media Relations
650-473-7765
investor@geron.com
media@geron.com

###

*HUG#1668427*