1   MCDERMOTT WILL & EMERY LLP
    WILLIAM G. GAEDE, III (136184)
2   wgaede@mwe.com
    JUDITH S.H. HOM (203482)
3   jhom@mwe.com
    275 Middlefield Road, Suite 100
4   Menlo Park, CA 94025
    Telephone:     (650) 815-7400
5   Facsimile:     (650) 815-7401

6   Attorneys for *Geron Corporation*

7   BARTKO, ZANKEL, BUNZEL & MILLER
    Benjamin K. Riley (112007)
8   briley@bzbm.com
    Jayne Laiprasert (256930)
9   jlaiprasert@bzbm.com
    One Embarcadero Center, Suite 800
10  San Francisco, California 94111
    Telephone:  (415) 956-1900
11  Facsimile:  (415) 956-1152

12  ROTHWELL, FIGG, ERNST & MANBECK, P.C.
    R. Danny Huntington (*pro hac vice*)
13  dhuntington@rfem.com
    Sharon E. Crane (*pro hac vice*)
14  scrane@rfem.com
    Seth E. Cockrum (*pro hac vice*)
15  scockrum@rfem.com
    607 14th Street, N.W., Suite 800
16  Washington, D.C. 2005
    Telephone:  (202) 783-6040
17  Facsimile:  (202) 783-6031

18  Attorneys for *ViaCyte, Inc.*

19              IN THE UNITED STATES DISTRICT COURT

20          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

21                   SAN FRANCISCO DIVISION

22  GERON CORPORATION, a Delaware          Case No.  C-12-4813 WHO
    corporation,
23                                         **ORDER GRANTING STIPULATED**
                    Plaintiff,             **REQUEST TO ENLARGE TIME**
24                                         **PURSUANT TO CIVIL L.R. 6-2**
            v.
25
    VIACYTE, INC., a Delaware corporation,
26
                    Defendant.
27

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

WHEREAS, on September 13, 2012, Plaintiff Geron Corporation ("Geron" or "Plaintiff") filed the complaint in this action against Defendant ViaCyte, Inc. ("ViaCyte" or "Defendant") pursuant to 35 U.S.C. § 146 (D.I. 1);

WHEREAS, on January 3, 2013, a Case Management Conference was held in this case before Judge Edward M. Chen and the Court ordered that mediation was to be completed by June 30, 2013, that Defendant was to file a motion to define the scope of the case and discovery by February 21, 2013, that Plaintiff was to file its opposition by March 7, 2013, that Defendant was to file its reply by March 14, 2013, that discovery is limited to written discovery focused on those issues which were decided by the Patent Appeals Board, and that hearing on the preceding motion and a further Case Management Conference was set for April 4, 2013 (D.I. 31);

WHEREAS, on January 7, 2013, Geron publicly announced that it had entered into an Asset Contribution Agreement, dated January 4, 2013, with BioTime, Inc. and BioTime Acquisition Corporation, now Asterias Biotherapeutics, Inc. ("Asterias"), providing for the divestiture of certain Geron stem cell assets, including the intellectual property at issue in this 35 U.S.C. § 146 appeal, to Asterias (the "Transaction") upon the closing of the Transaction;

WHEREAS, under the Asset Contribution Agreement, the closing of the Transaction is contemplated to occur on or about September 30, 2013. Conditions to the closing include the requirement that Asterias and BioTime seek to obtain the effectiveness of certain registration statements filed by each of them. The effectiveness of such registration statements is subject to review and approval by the United States Securities and Exchange Commission (the "SEC"), and none of Asterias, BioTime, or Geron controls the timing or course of SEC review or approval;

WHEREAS, upon the closing of the Transaction, Asterias will substitute in as plaintiff in this action as the owner of the Geron intellectual property at issue in this action. Further, under the Asset Contribution Agreement, Geron may not settle this action without Asterias' consent. Accordingly, the parties have conferred and are interested in conducting settlement discussions before a mediator through the Court's Alternative Dispute Resolution procedures between Defendant ViaCyte, Inc. and Asterias, upon the closing of the Transaction;

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

WHEREAS, prior to reassignment of this case to the undersigned, counsel met, conferred and agreed that dates for mediation, Motion to Define the Scope of this Case and Discovery, Opposition to the Motion to Define the Scope, Reply to the Motion to Define the Scope, and the Case Management Conference be extended until the earlier of (a) 30 days after the close of the Transaction or (b) 31 days after September 30, 2013, as follows:

| Event | Dates |
| --- | --- |
| Motion to Define Scope | October 31, 2013 |
| Opposition to Motion to Define Scope | November 14, 2013 |
| Reply to Motion to Define Scope | November 21, 2013 |
| Case Management Conference | December 5, 2013 |
| Mediation Completion (ADR L.R. 6-3) | February 28, 2014 |

WHEREAS, the parties had jointly filed a Stipulated Request for Order Enlarging Time Pursuant to Civ. L.R. 6-2 (D.I. 32) on January 16, 2013, and Judge Edward M. Chen granted said request on January 24, 2013 (D.I. 33);

WHEREAS, the present case was reassigned to the Honorable William H. Orrick on June 27, 2013;

WHEREAS, the Reassignment Order and Order Requiring Submission of Case Management Statement dated June 27, 2013 vacated the above previously granted dates with the exception of the Mediation Completion date of February 28, 2014;

WHEREAS, the Court has scheduled a Case Management Conference for August 22, 2014;

WHEREAS, the undersigned counsel have met, conferred and agreed that the previously ordered dates by Judge Chen for mediation, filing the Motion to Define the Scope of this Case and Discovery, Opposition to the Motion to Define the Scope, and Reply to the Motion to Define the Scope, be maintained. These dates are intended to extend deadlines until the later of (a) 30 days after the close of the Transaction, or (b) 31 days after September 30, 2013, or (c) later dates at the Court's convenience. The chart below summarizes these dates in accordance with option

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

(b). The parties are proposing an additional date of December 11, 2013 to hear the Motion to Define Scope, which was not previously set and resetting the date for the Case Management Conference.

| Event | Dates |
| --- | --- |
| File Motion to Define Scope | October 31, 2013 |
| Opposition to Motion to Define Scope | November 14, 2013 |
| Reply to Motion to Define Scope | November 21, 2013 |
| Proposed Hearing for Motion to Define Scope | December 11, 2013 |
| Proposed Case Management Conference | January 7, 2014 |
| Mediation Completion (ADR L.R. 6-3) | February 28, 2014 |

Counsel further agree that all discovery should be stayed until ordered by the Court after the next Case Management Conference.

WHEREAS, no other dates for this case have been set by the Court.

NOW THEREFORE, IT IS STIPULATED, AGREED AND ORDERED that the date for filing the Motion to Define Scope and Discovery shall be the later of (a) 30 days after the close of the Transaction or (b) October 31, 2013. Should the date for Motion to Define Scope and Discovery be October 31, 2013, then the following agreed to dates apply.

| Event | Dates |
| --- | --- |
| File Motion to Define Scope | October 31, 2013 |
| Opposition to Motion to Define Scope | November 14, 2013 |
| Reply to Motion to Define Scope | November 21, 2013 |
| Hearing for Motion to Define Scope | December 11, 2013 |
| Case Management Conference | January 7, 2014 |
| Mediation Completion (ADR L.R. 6-3) | February 28, 2014 |

Should the Transaction close after September 30, 2013, the parties shall so inform the Court, and within one week of closure of the Transaction the parties shall submit a revised proposed Scheduling Order consistent with this Order that provides for a filing date of the contemplated

CASE NO. C-12-4813 WHO       - 3 -

Motion to Define Scope and Discovery at 31 days following closure of the Transaction and a revised schedule consistent with this Order.

SO STIPULATED this 5th day of August 2013.

MCDERMOTT WILL & EMERY LLP

BARTKO, ZANKEL, BUNZEL & MILLER
ROTHWELL, FIGG, ERNST & MANBECK PC

By:  _/s/ Judith S.H. Hom_
     Judith S.H. Hom

By:  _/s/ Benjamin K. Riley_
     Benjamin K. Riley

*Attorneys for Geron Corporation*

*Attorneys for ViaCyte Inc.*

-oOo-

**SIGNATURE ATTESTATION**

Pursuant to General Order 45.X(B), I hereby attest that concurrence has been obtained from Benjamin K. Riley indicated by a "conformed" signature (/s/) within this e-filed document.

_/s/ Judith S.H. Hom_
Judith S.H. Hom

-oOo-

**ORDER**

PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

DATED:  August 6, 2013

HON. WILLIAM H. ORRICK
Judge of the United States District Court

CASE NO. C-12-4813 WHO          - 4 -

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY